FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
4/6/2021 1:27 PM
JAMIE SMITH
DISTRICT CLERK
B-207301

NO. B-207301

| | | |
|---|---|---|
| ANDRAE THIERRY, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| JEFFERSON COUNTY, | § | |
| Defendants | § | 60th JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S FIRST SUPPLEMENTAL PETITION

COMES NOW Andrae Thierry, Plaintiff, and files his First Supplemental Petition; and by way hereof, Plaintiff would show the following:

1. Plaintiff, and his wife Crystal are an African American couple who live in Jefferson County, Texas.

2. Both are graduates of Lamar University with degrees in Computer Science.

3. Both were employed by NJC in its MIS Department until Plaintiff was pretextually terminated, and both are qualified by education, and experience for their respective positions.

4. NJC has personnel policies which restrict employee use of NJC property and services for purposes other than NJC interest or purposes, towit:

> "Effective March 2005, Personnel Policy Section 5.11 Computer, Electronic Mail, and Internet Use. **It is the policy of Jefferson County <u>to ensure that the use of computers and electronic communications equipment is consistent with the County's legitimate business interest</u>. Therefore, Jefferson County Management Information Systems Department (MIS), <u>as an authorized representative of Jefferson County, reserves and intends to exercise the right to access and monitor the use of such equipment is deemed necessary</u>. Employees shall adhere to the following guidelines when using computer and/or electronic communications equipment:**

PAGE 1

1. Computers, computer files, software, the E-Mail system and the Internet furnished to employees or County property intended primarily for business use only. Limited personal use of the Internet is allowed. However, employees are reminded that <u>use of any and all Jefferson County property is primarily for the use and purpose of County-related business</u>. Any personal use of the Internet is expected to be on the user's own time and is not to interfere with the person's job responsibilities. Employees should not use a password, access a file, or retrieve any stored information without authorization. County employees are prohibited from installing any software on County Computers on the Internet. Of specific note are those software products such as Kazaa, BearShare, Gnutella, Limewire, Wrapster, etc. that afford peer to peer connectivity and open up portals which pose a significant security risk to the County's Network. The use of radio station software programs, all of which utilized large amounts of bands with, or also prohibited on County machines, unless otherwise authorized, as the use of these programs interferes with the operation of the County's network. Such software (peer to peer and radio stations software) should never be installed on County owned computers or any computer attached to the County's network. Existing installations of such software should be reported to the MIS Department so that it may be removed immediately. County employees are prohibited from installing County software on their (non-Co.) personal computer, mobile servicing from otherwise authorized. In addition, employees are prohibited from altering the existing hardware or making additions to hardware on County computers.

2. The County prohibits the use of computers, the E- mail system or the Internet in ways that are disruptive to others. Foul, inappropriate, or of offensive messages or documents containing racial or religious slurs or sexually explicit language/photographs are prohibited. <u>Employees should also note that E- mail</u>

> messages and other contents of a computer hard drive are public record and are open to public inspection in accordance with the Open Records Act of the State of Texas.
>
> 3. The County purchases and licenses the use of various types computer software for business purposes. The County does not own the copyright to the software or its related documentation and unless authorized by the software developer, does not have the right to reproduce it. Employees shall use the software only in accordance with the license agreement. According to the US copyright Law, illegal reproduction of software can be subject to civil damages and criminal penalties including fines and imprisonment.
>
> 4. The Internet is to be used primarily for County business only and is not to be used for personal gain. Employees should adhere to the highest professional/ethical standards when using the Internet as they are representatives of the County. Employees should not access to the Internet without County-authorized virus detection software and enabled.
>
> 5. Employees having knowledge of the misuse of any computer equipment, electronic communications equipment or software shall notify their respective Department Head for Elected Official. If deemed appropriate, the Department Head or Elected Officials should notify the Human Resources Department and/or the Management Information Systems Department.
>
> 6. Employees in violation of any portion of this policy shall be subject to disciplinary action, up to and including termination.

5. At all times material hereto, MIS Department employees have access to all NJC employees personal identification and passwords used on the NJC computers, and by providing that information to NJC and its MIS Department, each employee thereby waiving his or her right to complain regarding any information accessed by any NJC employee, department or member

of the public, specifically waiving any right of privacy to personal information placed on the NJC computers.

6.   As an example, Jeff K. Ross, current head of the MIS Department has set the *scofflaw* example to his fellow workers by using the NJC computers to redeem personal online rewards and commercial advantages.

7.   Other County employees provide personal data and information as well as communicate with intimate friends or acquaintances and are not disciplined for their non-compliance with NJC personnel policies; other County MIS employees outside of Plaintiff's protected class subject to access the personal E-file correspondences or personal information deposited on the NJC E-mail/Internet systems, or search for County employee infractions of NJC County Policy 5.11, without being disciplined. [1]

8.   Any intentional violation of NJC personnel policies by a County employee is arbitrary and capricious, and therefore illegal.

9.   Plaintiff's observation and documenting co-worker's Mary Helm 's (White) arbitrary and capricious violation of NJC personnel policies cannot be **a legitimate business reason to terminate Plaintiff's employment with the NJC.**

10.  Plaintiff did not violate any NJC or County policy or state law by observing and documenting Mary Helm's (White co-worker) use of the NJC's or County's internet or E-mail programs for her personal gain in purchasing real estate; neither has Plaintiff violated any NJC or County policy or state law by observing and documenting any other NJC co-worker's personal use of the NJC's or County's internet or E-mail programs other than **for County business only.**

11.  Plaintiff was terminated and harassed for arbitrary and capricious reasons in violation of his constitutional right to substantive due process.

---

[1] See, Department of Homeland Security v. Regents of Univ. of Cal., 140 S. Ct. 1891 (2020);Mosley v. Tex. Health & Human Servs. Comm'n, 593 S.W.3d 250 (Tex. 2019); Patel v. Tex. Dep't of Licensing, 469 S.W.3d 69 (Tex. 2015).

12. Therefore, Plaintiff has pled a prima facie[2] case of race discrimination by pleading he is 1.) African American male, 2.) qualified for the position he held, 3.) suffered an adverse employment action, and 4.) was replaced by a White female.

13. Since no confessions or direct evidence of racism have been made by the White MIS management enclave, it is up to Plaintiff to engage in the McDonnell-Douglas v Green burden shifting framework, and the claim that Plaintiff was fired for a legitimate, non-discriminatory reason, is ill-formed for he was fired at best for arbitrary and capricious reasons which implicate a violation of Plaintiff's free speech, and substantive and procedural due process rights, secured to him by the United States Constitution First and Fourteenth Amendments[3] and the Texas Constitution Article One Sections 3, 8, and 19.[4]

14. Neither Ross, nor Helm, nor any other White employee of the MIS, all being commonly supervised by the MIS Department Director were disciplined for violating NJC Personnel Policy 5.11; and now, Ross is the Director!

15. Plaintiff dually filed his Charge of Discrimination within 180 days of his termination, with EEOC and TWC.

---

[2] To establish a prima facie case of race discrimination, the employee must show that he (1) is a member of a protected class; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by someone outside of his protected class or others similarly situated were treated more favorably. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000) ; *AutoZone, Inc. v. Reyes,* 272 S.W.3d 588, 592 (Tex.2008). If the plaintiff is successful, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Quantum Chem.,* 47 S.W.3d at 477 (quoting *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824 ). The burden then shifts back to the plaintiff to show that the employer's reason was a pretext for discrimination. *McDonnell Douglas,* 411 U.S. at 807, 93 S.Ct. at 1826–27. Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier-of-fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. *Reeves,* 530 U.S. at 143, 120 S.Ct. at 2106.

*Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 434-35 (Tex. App. 2016)

[3] Title 42 USCA §1983

[4] City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995)

16.     Plaintiff received a Right to File a Civil Action, and filed his lawsuit herein within 60 days from his receipt of that notice and within two years from being terminated.

17.     Plaintiffs Free Speech was implicated in his protest of Departmental discrimination against him when repeatedly denied a promotion because of discrimination.

18.     Plaintiff's Substantive Due Process was implicated because of his being falsely accused of violating County and/or State computer access laws, and terminated; and being targeted by NJC as the result of the NJC violating its own policies, without reasoned analysis or explanation.

19.     Plaintiff's procedural due process was implicated because of Plaintiff being terminated without being afforded the basic minima of due process. [5]

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final trial plaintiff have judgment against defendant for the following relief:

1. An award of actual damages in the minimum amount of $900,000.00, with prejudgment interest at the legal rate.
2. reasonable and necessary Attorney fees and costs of suit;
3. Post judgment interest at the rate established by law; and
4. A show cause order whereby Defendant would be required to appear and show cause as to why Plaintiff should not be reinstated to his position forthwith, pending trial hereon.
5. Such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,
By: S/*LARRY WATTS*
Larry Watts
State Bar No. 20981000
WATTS & COMPANY, LAWYERS, Ltd.
P.O. Box 2214
Missouri City, Texas 77459
Ph. (281) 431-1500
Fax (877) 797-4055
Wattstrial@gmail.com
**Attorney for Plaintiff, Andrae Thierry**

---

[5] See: Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970); Johnson v. San Jacinto Jr. College, 498 F. Supp. 555 (S.D. Tex. 1980).

## CERTIFICATE OF SERVICE

I, Larry Watts certify that a true and correct copy of this document has been served on Quentin Price, Esq. at qprice@co.jefferson.tx.us by filing with the eFile Texas, on April 6, 2021.

/S *LARRY WATTS*